# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| Allyson Duffer, | ) |
|    Plaintiff, | ) ) ) |
| v. | ) No.  1:20-cv-2602 |
| Apelles, LLC, an Ohio limited liability company, | ) ) ) ) |
|    Defendant. | ) <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Allyson Duffer, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

### PARTIES

3. Plaintiff, Allyson Duffer ("Duffer"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a defaulted consumer debt that she allegedly owed to Huntington National Bank.

4. Defendant, Apelles, LLC ("Apelles"), is an Ohio limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly

uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts, including defaulted consumer debts in the Southern District of Indiana. In fact, Apelles was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Defendant Apelles is authorized to conduct business in Indiana, and maintains a registered agent here, see, record from the Indiana Secretary of State, attached as Exhibit A. In fact, Defendant Apelles conducts business in Indiana.

6. Defendant Apelles is licensed as a debt collection agency in the State of Indiana, see, record from NMLS Consumer Access, attached as Exhibit B. In fact, Defendant acts as a collection agency in Indiana.

## FACTUAL ALLEGATIONS

7. On July 12, 2019, Ms. Duffer and her husband filed a Chapter 13 bankruptcy petition in a matter styled In re: Duffer, S.D.Ind.Bankr. No. 19-05109-RLM-13. Among the debts included in the bankruptcy was a debt she allegedly owed to Huntington National Bank, see, Schedule E/F to the bankruptcy petition, a portion of which is attached as Exhibit C.

8. Accordingly, on July 17, 2019, Huntington National Bank was sent notice of the bankruptcy by the court via electronic transmission, see, the Certificate of Service to the Notice of Chapter 13 Bankruptcy Case, which is attached as Exhibit D.

9. Plaintiff's bankruptcy is a matter of public record, is in the files of the creditor, and is readily discoverable by any competent debt collector via one of the bankruptcy "scrub" services.

10. Nonetheless, Defendant Apelles sent Ms. Duffer a collection letter, dated

July 1, 2020, demanding payment of the Huntington National Bank debt that is subject to her bankruptcy. A copy of this collection letter is attached as Exhibit E.

11.     Defendant's violation of the FDCPA was material because Defendant's continued collection communications, after Plaintiff had filed for bankruptcy, made her believe that her exercise of her rights through filing bankruptcy may have been futile and that she did not have the right to a fresh start that Congress had granted her under the Bankruptcy Code, as well as her rights under the FDCPA. Defendant's collection actions alarmed, confused and distressed Ms. Duffer.

12.     All of Defendant Apelles' collection actions at issue in this matter occurred within one year of the date of this Complaint.

13.     Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692e Of The FDCPA --
### Demanding Payment Of A Debt That Is Included In A Bankruptcy

14.     Plaintiff adopts and realleges ¶¶ 1-13.

15.     Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

16.     Demanding payment of a debt that is subject to a bankruptcy, is false and/or deceptive or misleading, in violation of § 1692e of the FDCPA, see, Randolph v. IMBS, Inc., 368 F.3d 726, 728-730 (7th Cir. 2004). By demanding payment of the

Huntington National Bank debt that was subject to Ms. Duffer's Chapter 13 bankruptcy, Defendant Apelles violated § 1692e of the FDCPA.

17. Defendant Apelles' violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

18. Plaintiff adopts and realleges ¶¶ 1-13.

19. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay, see, 15 U.S.C. § 1692c(c).

20. Here, the bankruptcy and the notices issued by that court (Exhibit D), provided notice to cease communications and cease collections. By communicating regarding this debt and demanding payment (Exhibit E), Defendant violated § 1692c(c) of the FDCPA.

21. Defendant Apelles' violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Allyson Duffer, prays that this Court:

1. Find that Defendant Apelles' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Duffer, and against Defendant, for

actual and statutory damages;

      3.      Award Plaintiff her costs and reasonable attorneys' fees; and,

      4.      Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Allyson Duffer, demands trial by jury.

                                             Allyson Duffer,

                                             By:/s/ David J. Philipps
                                             One of Plaintiff's Attorneys

Dated:  October 7, 2020

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com

John T. Steinkamp   (Ind. Bar No. 19891-49)
John Steinkamp & Associates
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
John@johnsteinkampandassociates.com